THEOPHILUS T. DERINGER'S administrator *v.* BRONOUGH M. DERINGER'S administrator.

On the filing of a plea of set-off of one thousand dollars for so much money had and received by the plaintiff to and for the use of the defendant, drawn at full length according to the form prescribed for such a plea, the counsel for the plaintiff gave notice to the counsel for the defendant to state the matters of set-off referred to in it with greater certainty, which was not done, and he therefore declined to reply to the plea and at the term the court upon his application ordered it to be done.

NARR *in assumpsit* with a plea of set-off of one thousand dollars for so much money had and received by the said Theophilus T. Deringer in his lifetime, to and for the use of the said Bronough M. Deringer in his lifetime, drawn in full and according to the regular form of such a special plea of set-off when set out at length, upon the filing of which the counsel for the plaintiff had given notice to the counsel for the defendant to state the matters of set-off referred to in the plea with reasonable certainty under the thirty-third rule of this court, and had declined to reply to it until that requirement should be complied with.

*Higgins (Spruance* with him), for the plaintiff, now moved at this term for an order of the court on the counsel for the defendant to state and set forth the matters of set-off referred to in the plea with greater certainty and particularity.

*G. B. Rodney,* for the defendant, objected that the matter having been originally pleaded by the regular rule day in a

plea of set-off drawn at full length and in strict accordance with the complete form prescribed in the precedents for such a plea, he could not be required to go further and set forth the matter of defense so pleaded with any greater amplification or particularity.

*The Court*, however, ordered that the matter of set-off pleaded should be stated with more certainty and more in detail, as perhaps the money referred to might have been received in several amounts at various times and from several persons to and for the use alleged in it, in which case it might be important to the plaintiff to have both the several amounts and the several persons from whom they were received specified by the defendant before replying to such a plea. It might also have reference to and depend upon a mutual account of money transactions between the two decedents in their lifetime, and which still remain open and unsettled between their legal representatives.